ORDER
On May 31, 2017, this Court issued an order directing the respondent, Nicholas S. Gelfuso, (respondent) to appear before us on June 7, 2017, to show cause why immediate disciplinary action should not be taken against him. The respondent appeared, without counsel. Also present was this Court’s Disciplinary Counsel. After hearing the representations of the respondent and counsel, we determine that the respondent has failed to show cause why immediate disciplinary action should not be taken, and hereby suspend the respondent from the practice of law.
The facts of this matter are as follows. The respondent represented a party on an appeal from an order of the Superior Court granting declaratory judgment in favor of an adverse party. The appeal was docketed in this Court, but the respondent failed to file a statement of the case as required by Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure.[1] On May 10, 2017, the Clerk of the Supreme Court sent notice to the respondent that the appeal had been dismissed for failure to timely file his statement of the case, but that the dismissal would be vacated and the appeal reinstated if the statement of the case was filed on or before May 20, 2017. He did not file a statement of the case by that date.
However, on May 22, 2017, the respondent submitted via email to a Deputy Clerk of the Court what purported to be a statement of the case. It is that attempted filing which drew the immediate attention of this Court. The respondent’s attempted filing was rambling, incoherent, and completely failed to address his failure to timely file his statement of the case or set forth any cogent statement of the issues sought to be raised on appeal. Moreover, his filing was replete with scurrilous accusations alleging unethical and criminal conduct by the trial justice and the attorney representing the opposing party. Additionally, the respondent made outlandish allegations regarding the character of each justice of this Court. The respondent has also filed a pleading with the Family Court accusing a judge of that court of being part of a “secret cabal” with a witness in a case pending before him, referred to the judge as having previously practiced at a “Jewish law firm on what can only be considered skid row,” and alleged that the Family Court judge had “ties to the state and various conspiratorial fringe religious sects.” His rambling pleading made other outrageous allegations regarding the judge’s integrity.
The respondent’s pleadings filed in both courts raise serious questions as to his ability to represent clients competently. We provided the respondent with the opportunity to provide any factual support for any of his allegations. He was unable to provide any bases for his accusations. Moreover, as in his pleadings, his presen *1206 tation was so incoherent that this Court cannot, in good conscience, allow him to continue to represent clients in this state at this time.
Accordingly, the respondent, Nicholas S. Gelfuso, is hereby immediately suspended from the practice of law in this state until further order of the Court and pending further disciplinary proceedings before the Disciplinary Board.
Entered as an Order of this Court on this 9th Day of June, 2017.

. Article I, Rule 12A provides, in pertinent part: "Within twenty (20) days after the docketing of the record of an appeal with the Clerk of the Supreme Court * * * the appellant, petitioner, or other moving party shall file a statement of the case and a summary of the issues proposed to be argued ⅜ * ⅜.”